The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 10:43 AM October 19, 2021**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JENNIFER ELLEN LEWIS, | ) | CASE NO. 16-61478 |
| | ) | |
| Debtor. | ) | ADV. NO. 19-6059 |
| _____ | ) | |
| JENNIFER ELLEN LEWIS, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JOHNSON & WALES | ) | **(NOT FOR PUBLICATION)** |
| UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending in this adversary proceeding is an amended motion for summary judgment filed by Defendants National Collegiate Student Loan Trust 2007-2 and National Collegiate Student Loan Trust 2006-4 ("Defendants"). They assert the debts owed them by Plaintiff -debtor ("Debtor") are not dischargeable under 11 U.S.C. § 523(a)(8)(A)(i) and/or (ii). Debtor did not

1

respond to the amended motion for summary judgment.[1]

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(I) and the parties have consented to final entries by this court. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## STATEMENT OF FACTS

Debtor filed a chapter 13 bankruptcy petition on July 19, 2016 owing multiple student loans. Her amended complaint alleges that between 2006 and 2008, she borrowed $96,000.00 in loans now held by Defendants. (Am. Comp. ¶¶ 8-9, ECF No. 34.) Defendants claim to hold two of the loans, each in the principal amount of $32,086.00, borrowed in 2006 and 2007. (Defs.' Am. M. Summ. Judg., ECF No. 103.) As of August 2020, the balances on the two loans exceeds $118,000.00. (Id.)

Debtor is a 38 year-old married, stay-at-home mother with an adult daughter and a toddler son. (Debtor's Ex. I, ECF No. 111.) Her son is autistic and has various developmental delays. (Debtor's Ex. B, ECF No. 109.) Although Debtor avers to personal medical issues, including diverticulosis, colitis, depression, anxiety and ADHD, (Debtor's Ex. I, ECF No. 111), she did not disclose any of these in response to Defendants' germane interrogatory. (Defs'. Am. M. Summ. Judg., Ex. R, ECF 103-1.) Debtor was last employed in 2017 but intends to return to work in the future. (Debtor's Ex. I, ECF No. 111.)

## DISCUSSION

Defendant brings its motion under Federal Bankruptcy Rule 7056, which incorporates Federal Civil Rule 56 into bankruptcy practice. A court is instructed to award summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(a). The moving party bears the initial burden of proof as to the non-existence of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If met, the burden shifts to the non-moving party to demonstrate there is a genuine issue for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

A fact is "material" only if its resolution will affect the outcome of the proceeding. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). All reasonable inferences are viewed in favor of the non-movant. Moran v. Al Basit LLC, 788 F.3d 201, 204 (6th Cir. 2015) (citation omitted). At the summary judgment stage, a court cannot make credibility determinations or weigh the evidence. Norfolk Southern Ry. Co. v. Allied Erecting & Dismantling Co., Inc., 775

---

[1] Debtor filed a response to Defendants' original motion for summary judgment. (Memo. in Opp., ECF No. 71.) The court charitably considers this pleading responsive to the amended motion.

2

Fed.Appx. 178, 186 (6th Cir. 2019) (citation omitted). But "if the evidence is merely colorable, Dombrowski v. Eastland, 387 U.S. 82, 87 (1967) (per curiam ), or is not significantly probative, First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968), summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

To discharge a student loan, the loan must "impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Sixth Circuit uses the Brunner test to assess whether undue hardship exists. Oyler v. Educ. Credit Mgmt. Corp., 397 F.3d 382, 385 (6th Cir.2005) (citing Brunner v. New York State Higher Educ. Serv. Corp., 831 F.2d 395 (2d Cir.1987)). To succeed, Debtor must prove, by a preponderance of the evidence, the following three elements:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circum-stances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

Barrett v. Educational Credit Management Corporation (In re Barrett), 487 F.3d 353, 359 (6th Cir. 2007) (citation omitted) (quoting Brunner at 396).

### I. Defendants have met their burden of proof that the loans are covered under 11 U.S.C. § 523(a)(8)(A)(i).

In count one of the (second) amended complaint,[2] Debtor argues that the loans are not "qualified education loan[s]" under 11 U.S.C. § 523(a)(8)(B) and are therefore dischargeable. Defendants answered the complaint and raised an affirmative defense that the loans are nondischargeable under 11 U.S.C. § 523(a)(8)(A)(i) and (ii). (Defendants' Answer, ECF No. 40.) According to Defendants, its loans are education loans made under a program funded by The Resources Institute, Inc. ("TERI"), a private non-profit corporation, which either partially or wholly funded or guaranteed the loans, and the loan documents reference their nondischargeable status. (Defs.' M. Summ. Judg., Exs. C, H, L, ECF No. 103-1; Aff. of Bradley Luke, ECF No. 103-2.) Defendants have met their initial burden of proof that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.

Debtor does not offer any counter-argument. She did not respond to the amended motion for summary judgment and her response to the original motion focuses exclusively on undue hardship. She has not demonstrated the existence of any questions of fact to warrant denial of Defendants' motion. The court therefore finds that Defendants' loans fall under 11 U.S.C. § 523(a)(8)(A)(i) and/or (ii). The loans are presumed nondischargeable unless Debtor can establish repayment is an undue hardship.

---

2 Debtor filed amended complaints on December 9, 2019 and May 8, 2020. All references to the complaint in this opinion refer to the latter. (Am. Compl., ECF No. 34.)

## II. Debtor's financial situation is not likely to persist throughout a significant portion of the repayment period.

Under the second <u>Brunner</u> criterion, Debtor must show that the inability to maintain a minimal standard of living is likely to persist for a significant portion of the repayment period. "The debtor must precisely identify her problems and explain how her condition would impair her ability to work in the future." <u>Tirch v. Pennsylvania Higher Educ. Assistance Agency (In re Tirch)</u>, 409 F.3d 677, 681 (6th Cir. 2005) (citations omitted). "Illness, disability, a lack of useable job skills, or the existence of a large number of dependents" may show persistence of a hopeless financial situation. <u>Oyler v. Educ. Credit Mgmt. Corp.</u>, 397 F.3d 382, 386 (6th Cir.2005) (citations omitted). Simply being unable to make payments in the present is insufficient, a certainty of hopelessness must exist. <u>Tirch</u>, 409 F.3d at 681 (citing <u>Oyler</u>, 397 F.3d at 386) (other citation omitted).

Defendants argues that Debtor's situation is not hopeless. Debtor is only 38 years old, has no physical or medical impairments that complicate her employment prospects, and she intends to return to work in the future. They also argue that speculation about her son's future needs and expenses related to his care do not prove her state of affairs will persist. Debtor primarily contends that her son's needs from his medical conditions impact her earning potential for a significant portion of the repayment period.

Debtor's son is diagnosed with "autism spectrum disorder (ASD), receptive-expressive language delay, fine motor delay and sensory processing difficulties." (Debtor's Support Document, Ex. B, ECF No. 109.) While these conditions will persist throughout the repayment period, there is no certainty that guarantees the hopelessness necessary to satisfy <u>Brunner</u>. In fact, Debtor's own arguments are contrary. "Given the hectic schedule of her son until he obtains school age, the Debtor will have a hard time finding employment within the hours of his appointments and preschool or would incur a hefty cost to pay someone to take him to his appointments." (Memo. in Opp., p. 8, ECF No. 71.) Debtor's son is three. In two years, he will be of school age, alleviating some of the stress on Debtor's schedule. Since she has ten years of repayment remaining, the eight years that remain once her son reaches school age constitute a significant portion of the repayment period, not the two years until he reaches school age.

Although Debtor references personal medical issues, she did not describe them in any detail, nor explain how any of these conditions will impact her ability to work in the future. Since she clearly expresses an intent to return to work, the conditions do not appear as impediments to employment. In addition to increased income from her return to work, Debtor is also seeking social security for her son. (<u>Id</u>.) Thus, her household income is likely to improve in the future.

Undeniably, Debtor faces sobering challenges raising her autistic son. However, she has not proved that her situation is likely to persist for a significant portion of the repayment period. She is looking to return to work when her son enters school in two years, plus she applied for

social security benefits for him. As a result, her financial situation is likely to improve, not endure or deteriorate. Debtor has not met her burden of proof on prong two of the Brunner test, defeating her undue hardship defense. Defendants are entitled to summary judgment.

## CONCLUSION

Debtor complained that Defendants' loans were not "qualified education loans" under 11 U.S.C. § 523(a)(8)(B) and were therefore dischargeable. Defendants' affirmative defense claimed this argument was specious as the loans were covered by 11 U.S.C. § 523(a)(8)(A)(i) or (ii) and presumed nondischargeable. Debtor did not challenge Defendants on this point, warranting entry of summary judgment in Defendants' favor.

To discharge the loans, Debtor must prove all three Brunner elements and establish that repayment of the loans is an undue hardship on her or her dependents. Defendants demonstrated that she cannot meet prong two, persistence of her financial situation through a significant portion of the repayment period, thereby defeating Debtor's undue hardship claim.

The court will immediately enter an order granting Defendants' amended motion for summary judgment and dismissing Debtor's complaint.

#     #     #

**Service List:**

Nicole L. Rohr-Metzger
Thrush & Rohr LLC
4930 Hills & Dales Rd NW
Canton, OH 44708

Milos Gvozdenovic, Esq.
Weltman, Weinberg & Reis Co., L.P.A.
965 Keynote Circle
Brooklyn Heights, OH 44131